KNAPP *v.* HUBBARD.

1. SALES—CONTRACTS—EVIDENCE—RELEVANCY.

On the trial of an action for wheat sold and delivered, evidence offered by defendant to show where the wheat was stored, how much was shipped out in a single consignment to a milling company, the weight and volume of the car as shipped and as received, the amount of wheat bought from others which was stored in the same bin and shipped in the same car, was admissible to prove that the quantity purchased of plaintiffs was less than they claimed.

2. INTEREST—SALES—PAYMENT.

Interest is recoverable on a sale of goods not shown to have been bought on credit.

Error to Oceana; Sullivan, J. Submitted April 28, 1913. (Docket No. 109.) Decided July 9, 1913.

Assumpsit by Fred Knapp and another against Edgar R. Hubbard for goods sold and delivered. Judgment for plaintiffs. Defendant brings error. Reversed.

*Rufus F. Skeels (Wm. H. Simpson,* of counsel), for appellant.

*F. E. Wetmore,* for appellees.

MOORE, J. This is an action in assumpsit brought by plaintiffs to recover the price of eight loads of wheat which they claim they sold and delivered to defendant at the village of Hart, Mich. The price of the wheat agreed upon was $1.00 per bushel. The most important question in dispute in this case is as to the number of loads of wheat the plaintiffs sold

and delivered to defendant. The plaintiffs claim that they sold and delivered eight loads, and the defendant claims that they only sold and delivered seven loads; that Exhibits E and F are for the same load, and on account of the weighing of that load twice, once on the big scales and once on the little scales, there were two weighbills made out for the same load and plaintiffs got them and now claim a load for each, making eight loads instead of seven. The dispute is over these two weighbills. There is also a question as to tender and interest; the defendant claiming that a tender was made about June 10, 1912, and kept good by payment in court. And defendant also claims that, it being an open account unliquidated and disputed, there could be no interest allowed. The jury rendered a verdict for the sum of $474.18 over and above the costs of plaintiffs. After the rendition of the verdict plaintiffs' counsel withdrew the sum of $402.68 that had been paid into court, and then the court ordered judgment to be entered in favor of plaintiffs for $71.50, together with costs. The case is brought here by writ of error.

There are many assignments of error, but the most important one relates to the attempt of the defendant to show that all of plaintiffs' wheat, except the last load, was put into a bin along with other wheat, and from there all the wheat in the bin was put into a railroad car, sealed up, and shipped to the People's Milling Company at Muskegon, Mich.; the weight and contents of the other wheat besides that of plaintiffs that was in the car and the names of the persons from whom it was purchased and dates of purchases, and the weight and amount purchased from each person, and the total weight and amount of wheat shipped in the car; that the car was unsealed by the witness, John Dick, at the People's Milling Company at Muskegon, Mich., and the car was unloaded by him,

all the wheat weighed by him, and the weight tallied with the wheat as entered in the book of the wheat that was in the bin purchased of the various persons named in the book, including all the wheat purchased from plaintiffs, except this last load; that, if there had been the load claimed by plaintiffs as represented by their Exhibit E, there would have been a shortage of 3,570 pounds at Muskegon from what was shipped at Hart.

The question involved was a question of fact. How much wheat was delivered? The testimony was very conflicting. The proof offered, though not conclusive, perhaps had value and should have been allowed to be given to the jury for what it was worth.

There is nothing in the record to indicate that the wheat was sold on credit, but on the contrary it may be assumed it was a sale for cash, and, if not paid for, interest should be allowed. The other assignments of error are unimportant.

Judgment is reversed, and a new trial ordered.

STEERE, C. J., and McALVAY, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.